**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICKEY SABEDRA** | : | **CIVIL ACTION** |
| **v.** | : | |
| **CHRISTINE MEADOWS,** | : | |
| **PAROLE AGENT, et al.** | : | **NO. 07-cv-0366** |

## <u>MEMORANDUM AND ORDER</u>

Petitioner has filed a petition in **<u>this court</u>** seeking Habeas Corpus relief

pursuant to 28 U.S.C. §2254.  Petitioner was convicted of aggravated robbery in a court

of the state of Texas located in Dallas County, Texas in 1985; and, as a result of that

conviction, he was sentenced to 25 years imprisonment by that court.

Although petitioner was, at some point, in time under "courtesy supervision" of

the Pennsylvania Board of Probation and Parole, he states that he "was sent back to

prison for Creating a Disturbance at Half Way House when I was at Parkland Hospital

(in) Dallas (County), Texas."  Petitioner is currently incarcerated in a Texas state prison

located in Anderson County, Texas.

Although petitioner names a former employee of the Pennsylvania Board of

Probation and Parole as the lead defendant, he **_also_** names Laura Coats, the apparent

District Attorney of Dallas County, Texas, and Greg Abbott, the apparent Attorney

General of the state of Texas, as defendants.[1]  Petitioner clearly states that this Texas

custody is solely the result of his aforesaid 1985 Dallas County, Texas conviction and

sentence.  According to Texas state prison officers, petitioner is scheduled to be

---

[1]It is impossible for this court to determine with 100% certainty, based on the
habeas corpus petition, exactly whom Coats and Abbott are, but petitioner has already
been ordered to provide information to this court about venue issues, and this court will
not indulge petitioner by asking for further information as to where venue may lie.

released from Texas state custody in 2010 (which is 25 years after he received the aforesaid 25-year state sentence in Texas in 1985). He does not indicate that he has had a Pennsylvania conviction; in fact, the only conviction talked about occurred in Texas. Based on what petitioner has so far presented to this court, it appears that venue under 28 U.S.C. §2241(d) arguably lies either in the United States District Court for the Northern District of Texas[2] or the United States District Court for the Eastern District of Texas.[3] By raising issues related to (Pennsylvania or Texas) state parole, petitioner is clearly attacking the execution of his Texas state sentence. Coady v. Vaughn, 251 F.3d 480 (3d. Cir. 2001) stands for the proposition that attacks on a denial of state parole that do not attack a state conviction or sentence are properly brought under 28 U.S.C. §2254 and NOT under 28 U.S.C. §2241. We note moreover that petitioner himself calls this a 28 U.S.C. §2254 petition.

Since petitioner's claims involve facts which transpired in the Northern District of Texas, and since either one or two defendants are located in the Northern District of Texas, we are of the view that this matter is best decided in that court. Accordingly, this

Day of                            2007, it is hereby

**ORDERED** that this civil action is transferred to the United States District Court for the Northern District of Texas, and, it is further

**ORDERED** that after this matter is transferred to the United States District Court

---

[2]Dallas County is located within the territorial confines of the United States District Court for the Northern District of Texas.

[3]Anderson County is located within the territorial confines of the United States District Court for the Eastern District of Texas.

for the Northern District of Texas, the Clerk of the United States District Court for the Eastern District of Pennsylvania shall mark this matter as **CLOSED** in this court for all purposes, including statistics.

 

 

**S/ ROBERT F. KELLY**
**ROBERT F. KELLY, U.S. District Judge**